### ORVILLE RAWSON *vs.* WILLIAM B. BEACH.

An order was drawn by O. on B., an attorney at law, and was accepted by him in the following terms: "I will pay the within amount out of the money collected on O.'s judgment against N. as soon as the same is collected by me." B. was O.'s attorney. At the time of acceptance O. had recovered a verdict against N., which was afterwards set aside, and in a new trial O. recovered a much smaller verdict on which judgment was entered. This judgment was collected by B.

In an action by the payee of the order against B.:

*Held*, that B. was not liable on the acceptance.

ASSUMPSIT. Heard by the court on an agreed statement of facts.

*Irving Champlin & Nelson E. Church*, for the plaintiff, cited *Warren* v. *Batchelor*, 16 N. H. 580; *Allis* v. *Jewell*, 36 Vt. 547; *Marchington* v. *Vernon*, 1 Bos. & Pul. 101, note *c*; *Moar* v. *Wright*, 1 Vt. 57; *Brainard* v. *Capelle*, 31 Mo. 428; *Arnold* v. *Sprague*, 34 Vt. 402; *Grant* v. *Ellicott*, 7 Wend. 227; *Cole* v. *Cushing*, 8 Pick. 48; *United States* v. *The Bank of the Metropolis*, 15 Pet. 377.

*Henry W. Allen*, for defendant.

*December 3, 1880.* PER CURIAM. This action is *assumpsit* on an order for $103 drawn on the defendant in favor of the plaintiff by one Joseph Olmstead. The order was accepted by the defendant in the following words indorsed on it, to wit: "I will pay the within amount out of the money collected on Mr. Olmstead's

judgment against the New York, Providence & Boston Railroad Company as soon as the same is collected by me." To recover, the plaintiff must show that the defendant has collected the money on the judgment indicated in the acceptance. The agreed facts show that when the acceptance was given, Olmstead had no judgment against the railroad company, but only a verdict for $5,000, which was set aside on petition for a new trial subsequently preferred before judgment rendered thereon. Afterwards, as a result of the new trial, Olmstead recovered judgment for $2,000, on which the money was collected by the defendant. The plaintiff contends that he is entitled to have his order paid out of this money. The court think otherwise. The question is, What did the defendant mean by " Mr. Olmstead's judgment?" The words taken literally import an existing judgment. But the agreed facts show that there was no existing judgment. We must therefore give the words a meaning by construing them in the light of the facts, putting ourselves in the defendant's position. When we do this, we see at once that the defendant, who was Olmstead's lawyer, must have had the $5,000 verdict in mind, and that he wrote the acceptance either supposing that the judgment had already been rendered on it, or that, as a matter of course, it would be rendered on it at the end of the term, he having received no intimation that a petition for a new trial was to be filed. It is this judgment, anticipated or supposed to exist, that the acceptance referred to. The very phrasing of the acceptance shows that the defendant did not contemplate any judgment more remote and problematical, for it is written as if it was in the mind of the writer that nothing further remained for him to do but collect the money. We give the defendant judgment for his costs.            *Judgment for defendant.*